**DAVID J. STEELE, CA Bar No. 209797**
Email:  djslit@cph.com
**CHRISTIE, PARKER & HALE, LLP**
18101 Von Karman Ave, Suite 1950
Irvine, CA 92612-0163
Telephone:  (949) 476-0757
Facsimile:   (949) 476-8640
**HOWARD A. KROLL, CA Bar No. 100981**
Email:  howard.kroll@cph.com
**CHRISTIE, PARKER & HALE, LLP**
655 N. Central Avenue, Suite 2300
Glendale, CA 91203-1445
Telephone: (626) 795-9900
Facsimile:  (626) 577-8800

Attorneys for Plaintiff
CHAN LUU INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAN LUU INC., | Case No. 2:13-cv-08763 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR CYBERSQUATTING; TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; AND UNFAIR COMPETITION** |
| ONLINE GROWTH, LLC; GRANT SHELLHAMMER D/B/A DREAM TEAM FINANCIAL, D/B/A RIDE NETWORKS, AND D/B/A NETWORK RIDE; AND DOES 1-10, | |
| | **DEMAND FOR TRIAL BY JURY** |
| Defendants. | |

CHRISTIE, PARKER & HALE, LLP

Plaintiff, Chan Luu Inc., by and through its attorneys, Christie, Parker & Hale, LLP, files its Complaint against Defendants, Online Growth, LLC ("Online Growth"), Grant Shellhammer dba Dream Team Financial, dba Ride Networks, and dba Network Ride ("Shellhammer"), and Does 1-10 (Shellhammer, Online Growth, and Does 1-10 are collectively referred to in this Complaint as "Defendants"), for injunctive relief and damages as follows:

Plaintiff, Chan Luu Inc., alleges the following, upon actual knowledge with respect to itself and its own acts, and on information and belief as to all other matters.

## JURISDICTION AND VENUE

1. This case is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq*., under the California Business and Professions Code § 17200, *et seq*., and California Common Law.

2. This Court has subject matter jurisdiction over the claims in this Complaint which relate to trademark infringement pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) as involving a federal question.

3. The Court has pendent jurisdiction over the claims arising under California law pursuant to 28 U.S.C. § 1367(a) as the asserted state claims are substantially related to the claims arising under the trademark laws of the United States. Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

4. This Court has personal jurisdiction over Defendants because Defendants conduct systematic and continuous business within California related to the unlawful activities at issue in this Complaint. Defendants continuously and systematically solicit business from, and conduct business with, California residents using the Internet through one or more fully interactive websites,

directing California residents to click on commercial links located on these websites. In addition, Defendants have undertaken acts of cybersquatting trademark infringement, and unfair competition that were purposefully directed at California with knowledge that the brunt of the injury would be felt by Plaintiff, Chan Luu Inc., in California.

5. Venue is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c).

## THE PARTIES

6. Plaintiff, Chan Luu Inc., is a corporation organized and existing under the laws of the State of California, having a principal place of business at 818 South Broadway, 6th Floor, Los Angeles, CA 90014.

7. Plaintiff, Chan Luu Inc., owns the trademark asserted in this Action.

8. Defendant, Online Growth, LLC, is a Florida Limited Liability Company with its principal place of business at 58 E. Main Street, Suite 5, Apopka, Florida.

9. On information and belief, Defendant, Grant Shellhammer, is an individual doing business as Dream Team Financial, Ride Networks, and Network Ride, with a mailing address at P.O. Box 915421 in Longwood, Florida.

10. Defendant, Grant Shellhammer, is the managing member of Online Growth and operates the day to day business operations of Online Growth.

11. Plaintiff, Chan Luu Inc., is not aware of the true names and capacities of Defendants named in this Complaint as Does 1-10, inclusive, and therefore brings this Action against these Doe Defendants by such fictitious names. Plaintiff, Chan Luu Inc., will amend this Complaint to allege these Doe Defendants' true names and capacities when they are ascertained.

## PLAINTIFF'S BUSINESS AND TRADEMARK

12. Ms. Chan Luu founded her company, Chan Luu Inc. ("Chan Luu" or "Plaintiff"), in Los Angeles, California in 1983. Chan Luu Inc. began as a retail boutique featuring designer clothing and accessories for women, and in 1996, Plaintiff began designing its own jewelry, clothing, and accessories.

13. Plaintiff's most popular items are bracelets which wrap around a person's wrist several times, known as wrap bracelets. Plaintiff is well known for designing and selling wrap bracelets.

14. Plaintiff's goods are sold around the world via major retail stores including Bloomingdale's, Lord & Taylor, and Saks Fifth Avenue, in the United States, Harvey Nichols and Harrods in London, Isetan, Mitsukoshi and Takashimaya in Japan, and many other specialty stores around the world. Plaintiff also operates Chan Luu showrooms in Los Angeles and New York City.

15. Plaintiff owns the Chan Luu trade name and CHAN LUU trademark, and service mark (collectively, the "CHAN LUU Mark").

16. Since 1996, Plaintiff's use of its CHAN LUU Mark has been extensive, continuous, and exclusive.

17. Plaintiff's use of its CHAN LUU Mark has been worldwide, with extensive sales in the United States. Copies of some of the many newspaper articles and magazine articles about Ms. Luu, Plaintiff, and the CHAN LUU Mark are attached to this Complaint as Exhibit 1.

18. Plaintiff's goods are frequently and prominently featured in professional photographs and worn by many of the world's most notable celebrities. *See* Exhibit 1.

19. Plaintiff has made, and continues to make, a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its jewelry, clothing, and accessories sold under the CHAN LUU Mark.

20. As a result of its efforts and use, Plaintiff's CHAN LUU Mark has come to be recognized by the public and members of the trade as being associated with high quality jewelry, clothing, and accessories, thereby creating goodwill that inures to Plaintiff's benefit.

21. The CHAN LUU Mark is unique and distinctive and, as such, designates a single source of origin.

22. In 2006, Plaintiff expanded onto the Internet, operating its website at www.chanluu.com. The website provides information about Plaintiff's company, and the jewelry, clothing, and accessories sold under the CHAN LUU Mark. Printouts from Plaintiff's www.chanluu.com website are attached to this Complaint as Exhibit 2.

23. Plaintiff's website also features retail store services where consumers may directly purchase authentic goods which bear the CHAN LUU Mark, including jewelry, clothing, and accessories.

24. Plaintiff extensively advertises and promotes its CHAN LUU Mark in the United States through a variety of media, including print advertisements, direct mail, trade shows, conferences, and the Internet.

25. Based on Plaintiff's use, including the use described herein, Plaintiff owns common law trademark rights in its CHAN LUU Mark.

26. In addition to its extensive common law rights, Plaintiff also owns incontestable United States Trademark Registration Nos. 2,869,029, 3,028,982, and 3,314,816 for its CHAN LUU Mark. The Certificate of Registration for each registration is attached to this Complaint as Exhibit 3. These registrations are valid and existing on the Principal Register of the United States Patent and Trademark Office.

27. Plaintiff expends substantial effort and expense to protect the CHAN LUU Mark and the CHAN LUU Mark's distinctiveness in the marketplace.

## DEFENDANTS' UNLAWFUL ACTS

28. Defendants are an interrelated group of cybersquatters who knowingly and willfully register, use, and traffic in, domain names which infringe on the trademarks of others.

29. Dream Team Financial is an *alter ego* of Shellhammer. The Fictitious Name Registration for Dream Team Financial is attached to this Complaint as Exhibit 4.

30. The homepage available at Dream Team Financial's website describes Online Growth as a "division" of Dream Team Financial. A screenshot of the homepage is attached to this Complaint as Exhibit 5.

31. The websites located at Defendants' domain names dreamteamfinancial.com, ridenetworks.com, and onlinegrowth.com, all list the same contact phone number, 1-888-249-0399. A screenshot of each website displaying this contact number is attached to this Complaint as Exhibit 6.

32. The homepage available at Ride Networks' website describes Ride Networks as a "division" of Dream Team Financial. *See* Exhibit 6.

33. Online Growth's filing details, which are available at the Florida Department of State, Division of Corporations' website lists Shellhammer as the managing member of Online Growth. Further, Online Growth's filing details list Shellhammer's mailing address as P.O. Box 915421, Longwood, Florida (the "P.O. Box Address"). A printout from the Florida Department of State, Division of Corporations' website, of Online Growth's filing details, is attached to this Complaint as Exhibit 7.

34. The websites located at Defendants' domain names dreamteamfinancial.com and onlinegrowth.com list the same mailing address, which is Shellhammer's P.O. Box Address. *See* Exhibit 6.

35. Shellhammer's P.O. Box Address is listed as the registrant address for the domain names onlinegrowth.com, dreamteamfinancial.com, and

ridenetworks.com. A copy of the whois data for each of these domain names is attached to this Complaint as Exhibit 8.

36. Online Growth is the listed registrant for aniketos.com. The email address listed for the admin contact of this domain name is sales@dreamteamfinancial.com. The whois data for aniketos.com is attached to this Complaint as Exhibit 9.

37. Shellhammer operates the day to day operations of Online Growth, including hiring employees. A screenshot of a job posting at Online Growth's website displaying Shellhammer's contact information for a "Now Hiring" advertisement is attached to this Complaint as Exhibit 10.

38. On information and belief, Ride Networks is an *alter ego* of Shellhammer.

39. On information and belief, Online Growth is an *alter ego* of Shellhammer.

40. On information and belief, there is such a unity of interest and ownership between Shellhammer and Online Growth that their separate personalities no longer exist.

41. The observance of Online Growth's corporate form would sanction a fraud, promote injustice, and cause an inequitable result to follow.

42. On information and belief, Shellhammer has concealed his identity in conducting the business of Online Growth by using the Fictitious Business Name Dream Team Financial and *alter ego* Ride Networks.

43. On information and belief, Shellhammer uses Online Growth as a shell corporation to shield him from personal liability for his unlawful activities.

44. On information and belief, at all times material to this Action, each of the Defendants was the agent, servant, employee, partner, *alter ego*, subsidiary, or joint venturer of each of the other Defendants, and the acts of each of the Defendants were in the scope of such relationship; in doing the acts and failing to

act as alleged in this Complaint, each of the Defendants acted with the knowledge, permission, and the consent of each of the other Defendants; and each of the Defendants aided and abetted the other Defendants in the acts or omissions alleged in this Complaint.

45. Defendants, without authorization from Plaintiff, registered the domain name chanluusalebracelets.com on or about July 9, 2013.

46. The domain name chanluusalebracelets.com is identical or confusingly similar to Plaintiff's CHAN LUU Mark.

47. Online Growth was listed as the registrant for the domain name chanluusalebracelets.com at the time of registration. A copy of the whois data for chanluusalebracelets.com is attached to this Complaint as Exhibit 11.

48. Shellhammer's email address was listed as the registrant email for the domain name chanluusalebracelets.com at the time of registration. *See* Exhibit 11.

49. Shellhammer's P.O. Box Address was listed as the registrant address for the domain name chanluusalebracelets.com at the time of registration. *See* Exhibit 11.

50. Defendants used the domain name chanluusalebracelets.com to divert, for commercial gain, Internet users searching for Plaintiff's CHAN LUU Mark.

51. Defendants used the chanluusalebracelets.com domain name and the CHAN LUU Mark to host a parking page with commercial links to, among other items, jewelry directly competitive with products sold under Plaintiff's CHAN LUU Mark. The website prominently displayed the CHAN LUU Mark on every page of the website. A screenshot of the website which was available at chanluusalebracelets.com is attached to this Complaint as Exhibit 12.

52. Defendants did not use the domain name chanluusalebracelets.com in connection with any *bona fide* offering of goods or services.

53. Defendants advertised the domain name chanluusalebracelets.com for sale on the website available at the domain name. *See* Exhibit 12.

54. On or about July 24, 2012, Plaintiff's counsel sent a cease and desist letter to Online Growth notifying them of Plaintiff's rights in the CHAN LUU Mark and informing them that their registration and use of the chanluusalebracelets.com domain name constituted cybersquatting in violation of 15 U.S.C. § 1125(d) and violated ICANN's Uniform Domain-Name Dispute-Resolution Policy. A copy of the cease and desist letter sent to Online Growth is attached to this Complaint as Exhibit 13.

55. On or about August 2, 2013, Plaintiff's counsel received an email from Shellhammer offering to sell the domain name chanluusalebracelets.com to Plaintiff.

56. Defendants, without authorization from Plaintiff, registered the domain name japanstochanluu.com on or about September 8, 2013.

57. The domain name japanstochanluu.com is identical or confusingly similar to Plaintiff's CHAN LUU Mark.

58. Online Growth is listed as the registrant for the domain name japanstochanluu.com. A copy of the whois data for japanstochanluu.com is attached to this Complaint as Exhibit 14.

59. Shellhammer's email address is listed as the registrant email for the domain name japanstochanluu.com. *See* Exhibit 14.

60. Shellhammer's P.O. Box Address is listed as the registrant address for the domain name japanstochanluu.com. *See* Exhibit 14.

61. Defendants, without authorization from Plaintiff, and with actual notice of Plaintiff's rights in the CHAN LUU Mark, use the domain name japanstochanluu.com to divert, for commercial gain, Internet users searching for Plaintiff's CHAN LUU Mark.

62. Defendants, without authorization from Plaintiff, and with actual notice of Plaintiff's rights in the CHAN LUU Mark, use the japanstochanluu.com domain name and the CHAN LUU Mark to host a parking page with commercial links to, among other items, jewelry directly competitive with products sold under Plaintiff's CHAN LUU Mark. The website prominently displays the CHAN LUU Mark on every page of the website. Screenshots of the website available at japanstochanluu.com are attached to this Complaint as Exhibit 15.

63. Defendants do not use the domain name japanstochanluu.com in connection with any *bona fide* offering of goods or services.

64. Defendants advertise the domain name japanstochanluu.com for sale on the website available at the domain name. *See* Exhibit 15.

65. Defendants' unauthorized registration and use of the domain names chanluusalebracelets.com and japanstochanluu.com (collectively, the "Infringing Domain Names"), and Defendants' use of commercial parking pages on websites available at the Infringing Domain Names, are likely to cause confusion as to the source, sponsorship, affiliation, or endorsement of the Infringing Domain Names, and are likely to falsely suggest a sponsorship, connection, license, or association of Defendants and the Infringing Domain Names, with Plaintiff.

66. Defendants have registered many domain names which infringe on other trademarks. Defendants have registered and used domain names which are identical or confusingly similar to at least 16 other trademarks (collectively, the "Confusingly Similar Domain Names"), including ABERCROMBIE & FITCH, BARBIE, COMBAT, GMAIL, HONDA, LEVI'S, LIFETIME, MARVEL, MTV, NASCAR, NIKE, and SEARS. Most of the Confusingly Similar Domain Names currently host commercial parking pages. Whois data for each of the Confusingly Similar Domain Names is attached to this Complaint as Exhibit 16.

67. An address of Shellhammer's is or was listed as the registrant address for each of the Confusingly Similar Domain Names. *See* Exhibit 16.

68. In order to obfuscate the common ownership of the Confusingly Similar Domain Names, Defendants variously list the registrant as "Grant Shellhammer," "Dream Team Financial," Online Growth, LLC," and "Ride Networks." *See* Exhibit 16.

69. Defendants further obfuscate their identity by using whois privacy services which makes it difficult or impossible to determine the full extent of their domain name holdings. For example, the whois data for the domain name nascaronvideo.com previously listed Online Growth as the registrant for the domain name, as well as Shellhammer's contact email and P.O. Box Address, but now lists information for a whois privacy service. The domain name currently redirects to onlinegrowth.com, confirming that the domain name is still registered by Defendants. A screenshot showing the redirection, along with historic whois data showing Defendants' registration of the domain name, is attached to this Complaint as Exhibit 17.

## FIRST CAUSE OF ACTION
## (Cybersquatting Under 15 U.S.C. § 1125(d))

70. Plaintiff realleges and incorporates by reference each of the paragraphs above as though fully set forth here.

71. Defendants registered and used the Infringing Domain Names.

72. Plaintiff's CHAN LUU Mark was distinctive and federally registered at the United States Patent and Trademark Office at the time Defendants registered and used each of the Infringing Domain Names.

73. Each of the Infringing Domain Names are identical or confusingly similar to Plaintiff's CHAN LUU Mark.

74. Defendants registered, trafficked in, or used each of the Infringing Domain Names with a bad faith intent to profit from Plaintiff's CHAN LUU Mark.

75. Defendants do not have any intellectual property rights or any other rights in any of the Infringing Domain Names.

76. None of the Infringing Domain Names consist of the legal name of any Defendant, nor a name that is otherwise commonly used to identify any Defendant.

77. Defendants have not made any prior use of any of the Infringing Domain Names in connection with the *bona fide* offering of any goods or services.

78. Defendants have not made any *bona fide* noncommercial or fair use of Plaintiff's CHAN LUU Mark on a website accessible at any of the Infringing Domain Names.

79. Defendants registered and used each of the Infringing Domain Names to divert consumers from Plaintiff's website to websites accessible at the Infringing Domain Names for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of these websites.

80. Defendants offered to transfer, sell, or otherwise assign at least one of the Infringing Domain Names to Plaintiff for financial gain without having used, or having an intent to use, any of the Infringing Domain Names in the *bona fide* offering of any goods or services.

81. Defendants' prior conduct indicates a pattern of providing material and misleading false contact information when applying for the registration of domain names, and Defendants have intentionally failed to maintain accurate contact information.

82. Defendants have acquired multiple domain names which Defendants know are identical or confusingly similar to marks of others that were distinctive at the time of registration of such domain names, or dilutive of famous marks of others that were famous at the time of registration of such domain names.

CHRISTIE, PARKER & HALE, LLP

-11-

83. Defendants' registration, use, or trafficking in each of the Infringing Domain Names constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief.

84. By reason of Defendants' acts alleged herein, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

85. By reason of Defendants' acts alleged herein, Plaintiff is entitled to recover Defendants' profits, actual damages, and the costs of this Action, or statutory damages under 15 U.S.C § 1117, on election by Plaintiff, in an amount of One Hundred Thousand Dollars ($100,000) per domain name infringement.

86. This is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C § 1117.

## SECOND CAUSE OF ACTION

### (Trademark Infringement Under 15 U.S.C. § 1114(1))

87. Plaintiff realleges and incorporates by reference each of the paragraphs above as though fully set forth here.

88. Defendants' use in commerce of Plaintiff's federally registered trademark is likely to cause confusion, mistake, or to deceive.

89. The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

90. Defendants have unfairly profited from the trademark infringement alleged.

91. By reason of Defendants' acts of trademark infringement, Plaintiff has suffered damage to the goodwill associated with the CHAN LUU Mark.

92. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and its federally registered trademark.

93. Defendants' acts of trademark infringement have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

94. By reason of Defendants' acts, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

95. By reason of Defendants' willful acts of trademark infringement, Plaintiff is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

96. This is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

**(Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))**

97. Plaintiff realleges and incorporates by reference each of the paragraphs above as though fully set forth here.

98. Defendants' use in commerce of the CHAN LUU Mark is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants' goods or services are authorized, sponsored or approved by or are affiliated with Plaintiff.

99. The above-described acts of Defendants constitute trademark infringement of the CHAN LUU Mark and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

100. Defendants have unfairly profited from the actions alleged.

101. By reason of the above-described acts of Defendants, Plaintiff has suffered damage to the goodwill associated with the CHAN LUU Mark.

102. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and the CHAN LUU Mark.

103. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

104. By reason of Defendants' acts, Plaintiff's remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

105. By reason of Defendants' acts alleged herein, Plaintiff is entitled to recover Defendants' profits, actual damages, and the costs of the Action, under 15 U.S.C § 1117. According to the circumstances of the case, including Defendants' willful acts, Plaintiff is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

106. This is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That the Court enter a judgment against Defendants that Defendants have:

    a. violated the rights of Plaintiff in its federally registered CHAN LUU Mark in violation of 15 U.S.C. § 1125(d);

    b. infringed the rights of Plaintiff in its federally registered CHAN LUU Mark in violation of 15 U.S.C. § 1114(1); and

    c. infringed the rights of Plaintiff in its CHAN LUU Mark in violation of 15 U.S.C. § 1125(a).

2. That each of the above acts was willful.

3. That Defendants be ordered to transfer every domain name which they own which is identical or confusingly similar to Plaintiff's CHAN LUU Mark to Plaintiff.

4. That Defendants, their agents, representatives, employees, assigns, and suppliers, and all persons acting in concert or privity with Defendants be preliminarily and permanently enjoined from the following activities:

 a. registering, trafficking in, or using, in any manner, any Internet domain name that incorporates, in whole or in part, Plaintiff's CHAN LUU Mark, or any name, mark, or designation confusingly similar thereto;

 b. using Plaintiff's CHAN LUU Mark, or any other name, mark, designation, or depiction in a manner that is likely to cause confusion regarding whether Defendants are affiliated or associated with or sponsored by Plaintiff; and

 c. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 4(a) and 4(b) above.

5. That Defendants be ordered to engage in corrective advertising to the extent necessary to correct any consumer confusion or misperceptions resulting from Defendants' unlawful acts complained of above.

6. That Defendants be ordered to account to Plaintiff for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above.

7. That Defendants be ordered to pay damages, and that those damages be trebled, under 15 U.S.C. § 1117.

8. That Defendants be ordered to pay statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiff, in an amount of One Hundred Thousand Dollars ($100,000) per domain name infringement.

9. That Defendants be ordered to pay Plaintiff's reasonable attorneys' fees, prejudgment interest, and costs of this Action under 15 U.S.C. § 1117.

10. That the Court award Plaintiff its costs of suit incurred herein.

11. That Defendants be ordered to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon Defendants.

12. For such other or further relief as the Court may deem just and proper.

Dated: November 26, 2013

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By _____
David J. Steele
Howard A. Kroll

Attorneys for Plaintiff
CHAN LUU INC.

# DEMAND FOR TRIAL BY JURY

Plaintiff, Chan Luu Inc., hereby demands a trial by jury to decide all issues so triable in this case.

Dated: November 26, 2013

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By _____
David J. Steele
Howard A. Kroll

Attorneys for Plaintiff
CHAN LUU INC.

MBH PAS1265243.2-*-11/26/13 1:34 PM